IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. [2] Porfirio Pinales, a/k/a "Colito", Defendant. | CRIMINAL NO. 20-416 (GAG) |

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date: 2021.10.20 10:33:58 -04'00'
Adobe Acrobat version: 2017.011.30202

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Porfirio Pinales, and Defendant's counsel, Ismael Rodríguez-Izquierdo, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment:

Beginning on a date unknown, and continuing up to and until November 30, 2020, from the country of Dominican Republic, and elsewhere, **[2] PORFIRIO PINALES** and co-defendants, did knowingly and intentionally combine, conspire, and agree with each other, and others known and unknown to the Grand Jury to commit an offense against the United States, to wit: to import into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount

of cocaine, a Schedule II narcotic drug controlled substance. All in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963.

### 2. Stipulation as to the Amount of Narcotics

The United States of America and the defendant stipulate for purposes of this Plea Agreement that the defendant shall be accountable for conspiring to import into the United States at least fifteen (15) kilograms but less than fifty (50) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

### 3. Maximum Penalties

The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment which may not be less than ten (10) years or more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or ten million dollars (10,000,000); and a supervised release term of at least five (5) years, all pursuant to 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963.

### 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963 |||||||
|---|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1 at least 15 kg but less than 50 kg of cocaine |||||| 32 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 |||||| -3 |
| TOTAL ADJUSTED OFFENSE LEVEL |||||| 29 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI ||
| 87-108 | 97-121 | 108-135 | 121-151 | 140-175 | 151-188 ||



### 9. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment of one hundred and twenty (120) months, regardless of the defendant's criminal history. The defendant acknowledges the recommendation is the minimum mandatory sentence per statute.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 120 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Ismael Rodríguez-Izquierdo, Esq., and asserts that counsel has rendered effective legal assistance.

## 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts

that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.



### 18. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 20. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

23. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Max Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 9/21/21

_____
Vanessa E. Bonhomme
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 9/22/2021

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 9/21/2021

_____
Ismael Rodríguez-Izquierdo
Counsel for Defendant
Dated: 10/8/21

_____
Porfirio Pinales
Defendant
Dated: 10-8-21

### 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Max Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 9/21/21

_____
Vanessa E. Bonhomme
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 9/22/2021

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 9/21/2021

_____
Ismael Rodríguez-Izquierdo
Counsel for Defendant
Dated: 10/8/21

_____
Porfirio Pinales
Defendant
Dated: 10-8-21

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 10-8-21

Porfirio Pinales
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 10/8/21

Ismael Rodríguez-Izquierdo
Counsel for Defendant

U.S. v. Porfirio Pinales, 20-416(GAG)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Porfirio Pinales admits that Defendant is guilty as charged in the Indictment and admits the following:

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

On November 29, 2020, at approximately 9:00 pm, a United States Customs and Border Protection (CBP) Maritime Patrol Aircraft (MPA) launched in order to conduct a Border Security Patrol.

At approximately 11:27 pm, the crew of the aircraft detected a Target of Interest at approximately 7 nautical miles north of Vega Baja, Puerto Rico. The Target was heading southbound, towards Puerto Rico, at approximately 5 knots without navigational lights. It was described as a single engine yola- type vessel, with three individuals onboard, and multiples bales on deck. The crew of the aircraft maintained constant surveillance of the yola and contacted the Air and Marine Interceptor vessel in order to conduct an interdiction.

While the Interceptor vessel approached the yola, the agents observed three individuals jettisoning bales into the water. The agents interdicted the yola at approximately 2 nautical miles north of Dorado, Puerto Rico.

The agents detained three individuals, later identified as Porfiro Pinales and the co-defendants, and recovered 4 bales of suspected contraband at the jettison site.

Agents from Homeland Security Investigations took custody of the individuals and suspected contraband. The four bales contained 75 bricks of cocaine, with a net weight of 80 kilograms.

For purposes of this plea agreement, Porfirio Pinales admits that he knowingly and intentionally did combine, conspire, confederate, and agree with the co-defendants, to import from the Dominican Republic into the United States at least fifteen (15) kilograms but less than fifty (50) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

At trial, the United States would have proven beyond a reasonable doubt that defendant Porfirio Pinales is guilty as charged in Count One of the Indictment. Discovery was timely made available to Defendant for review.

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 9/21/2021

_____
Ismael Rodríguez-Izquierdo, Esq.
Counsel for Defendant
Dated: 10/8/21

_____
Porfirio Pinales
Defendant
Dated: 10-8-21